UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NECA-IBEW LOCAL 364 DEFINED CONTRIBUTION PENSION FUND, NATIONAL ELECTRICAL BENEFIT FUND AND NECA-IBEW LOCAL 364 WELFARE FUND,<br><br>   Plaintiff,<br><br>vs.<br><br>JOHN ESPOSITO d/b/a Sign Effects<br><br>   Defendant. | Case No.:<br><br>Civil Action |

## COMPLAINT

NOW COME Plaintiffs, NECA-IBEW Local 364 Defined Contribution Pension Fund, National Electrical Benefit Fund and NECA-IBEW Local 364 Welfare Fund ("Plaintiff Funds"), by Roger N. Gold, their attorney, and for their complaint against the Defendant, John Esposito d/b/a Sign Effects ("Defendant"), allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. §1132.

2. Plaintiffs, NECA-IBEW Local 364 Defined Contribution Pension Fund ("Pension Fund") and National Electrical Benefit Fund ("NEBF") are "employee pension benefit plans" and "employee benefit plans", within the meaning of ERISA, 29 U.S.C. §1002(2) and (3).

3. Plaintiff, NECA-IBEW Local 364 Welfare Fund ("Welfare Fund") is an "employee welfare benefit plan" and "employee benefit plan" within the meaning of

1

ERISA, 29 U.S.C. §1002(1) and (3). The Pension and Welfare Funds have been established pursuant to Trust Agreements entered into by the Northern Illinois Chapter of the National Electrical Contractors Association, Inc. ("NECA") and the International Brotherhood of Electrical Workers Local 364 ("Local 364"). The Pension and Welfare Funds are administered within this District.

4. The Defendant, John Esposito d/b/a Sign Effects is an "employer" within the meaning of ERISA, 29 U.S.C. §1002(5). At all times relevant hereto, Defendant has been engaged in the business of fabricating and installing signs within the jurisdiction of this Court. Defendant maintains an office at 286 Commonwealth, Carol Stream, Illinois 60188.

5. At all times relevant hereto, Defendant been party to a master collective bargaining agreement, known as the "Signcraft Agreement", which has been negotiated between Local 364 and various employers in the sign industry. The Signcraft Agreement covers sign work performed within the geographical jurisdiction of Local 364.

7. Employers signatory to the Signcraft Agreement agree to be bound by the Trust Agreements of the Plaintiff Funds and to abide by the administrative rules and procedures adopted by the Plaintiff Funds.

8. The Signcraft Agreement and the policies and procedures of the Plaintiff Funds require a signatory employer to file a report with the Plaintiff Funds each month detailing all hours worked by, and wages paid to, bargaining unit employees. An employer is required to pay monthly contributions to the Plaintiff Funds based upon the hours worked and/or wages paid. The Signcraft Agreement and the policies and procedures of the Plaintiff Funds provide that an employer is to file the contribution

report and make the fringe benefit contributions owed for one month no later than the fifteenth (15th) day of the following month. Contributions submitted after that date are considered delinquent and, pursuant to rules established by the Plaintiff Funds, liquidated damages equal to ten percent (10%) of the amounts due are to be assessed for each month of delinquency, up to a maximum of twenty percent (20%).

9. The Trust Agreements and/or administrative procedures of the Plaintiff Funds provide that the books and records of an employer bound to the Signcraft Agreement may be audited by an accountant selected by the Plaintiff Funds for the purpose of determining whether there has been compliance with the employer's obligations to make fringe benefit contributions on behalf of its employees.

10. Pursuant to the request of the Plaintiff Funds an audit of Defendant's books and records was conducted by the Plaintiff Funds' auditor for the period November 1, 2008 through February 28, 2010. The auditor determined that the Defendant owed fringe benefit contributions to the Plaintiff Funds as follows:

| FUND | AMOUNT OWED |
| --- | --- |
| Welfare Fund | $ 34,209.47 |
| Pension Fund | 5,548.89 |
| NEBF | 2,970.50 |
|  |  |
| **TOTAL OWED** | **$42,728.86** |

11. The auditor billed the Plaintiff Funds $897.75 for performing the audit of the Defendant.

12. The Plaintiff Funds have made demand for payment of the unpaid contributions, audit fees and liquidated damages.

13. Defendant has wrongfully, and without justification, failed and refused to pay the amounts owed.

14. Defendant's refusal and failure to perform its obligations to the Plaintiff Funds is causing, and will continue to cause, injuries to the Plaintiff Funds.

WHEREFORE, Plaintiffs, NECA-IBEW Local 364 Defined Contribution Pension Fund, National Electrical Benefit Fund, NECA-IBEW Local 364 Welfare Fund, and Northern Illinois Electrical Joint Apprenticeship and Training Fund pray as follows:

1. That judgment be entered in their favor and against Defendant John Esposito d/b/a Sign Effects in the amount of $52,172.38 which represents the total of the following amounts:

    a. $42,728.86 in unpaid fringe benefit contributions as determined by the audit;

    b. $8,545.77 in liquidated damages as provided by the parties' collective bargaining agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g);

    c. $897.75 in audit costs.

2. That the Plaintiff funds be awarded their costs, including reasonable attorney's fees, as provided in Section 502(g)(2) of ERISA.

3. For such further relief as the Court may deem appropriate.

NECA-IBEW Local 364 Defined Contribution Pension Fund, National Electrical Benefit Fund, NECA-IBEW Local 364 Welfare Fund

BY: ___/s/ Roger N. Gold___
Roger N. Gold,

Law Offices of Roger N. Gold, Ltd.
One South Dearborn, Suite 2100
Chicago, IL 60603
Telephone: (312) 212-4203
Telefax: (312) 212-4204